# SUPERIOR COURT

Patrick  H.  Conley
vs.                          No.55794
Roland  E.  Arter

Patrick  H.  Conley
vs.                          No.54768
Roland  E.  Arter

RESCRIPT

February 25, 1925

BAKER, J. The two above cases were tried together by agreement. They are actions on promissory notes brought by the payee against an endorser. In one case the jury returned a verdict for the plaintiff for $4000, being the face value of the note involved without interest, and in the second case the verdict was for the sum of $8000, being the face value of the two notes involved without interest.

In each case the defendant has filed a motion for a new trial, setting· out · the usual grounds, but urging only that the verdicts are against the weight of the evidence.

The same testimony applies to both cases.

The defendant does not contest the fact that he signed the notes involved as endorser. His defence is that the endorsement was made subject to a verbal condition or understanding, which was that the notes be renewed at least once and that certain patents be assigned to him. The notes in question were renewed once, but the defendant never received the assignments of the patents and he sets up this alleged breach as his defence.

The plaintiff in the proceeding claims that the endorsement of the notes was an ordinary business transaction and that the defendant endorsed with full knowledge and understanding of the whole proceeding, and that there was no such verbal condition or agreement connected with the endorsement as the defendant urges.

Each party placed on the stand witnesses who tended to corroborate their respective claims, and certain exhibits were also introduced in evidence, in particular Plaintiff's Exhibit 4. The testimony in the cases on the material points was entirely conflicting. The chief questions involved the credibility of the witnesses produced, their interest in the litigation, and the probabilities of the stories they told. These matters were clearly for the decision of the jury.

After a careful consideration of the testimony in the cases, in the judgment of the court the verdicts of the jury are supported by a fair preponderance of the evidence and respond to the true merits of the cases.

The defendant's motion for a new trial is denied in each case.

For Plaintiff: Edmund W. Flynn.
For Defendant: Waterman & Greenlaw.